## JULIA A. MORSE, APPELLANT, *v.* THE CITY OF TROY, RESPONDENT.

*Duty of a city to take care of land dedicated as a public street — in what condition it must be put by the person attempting to so dedicate it — charter of the city of Troy — 1870, chap, 598, tit. 6, sec. 4 — 1872, chap. 129, tit. 4, sec. 3 — a person suing as a poor person may appeal — privilege of so suing does not extend to such appeal — Code of Civil Procedure, sec. 466.*

September 12, 1871, one Albertson conveyed to one Collins a strip of land twenty-five feet in width and 265 feet in depth bounded on the north by the south line of a public street. The deed described two certain courses and then provided that "the lands for said street shall be opened on the southerly side of and adjoining said two lines on or before the 1st day of June, 1872, forty-seven feet and six inches in width, for the use of the public and be known as Collins street." The lands on each side of the strip were used for agricultural purposes. At the time of the conveyance the strip was in rough condition and it had not been graded at the time of the accident. Albertson had worked on it year after year, first cutting it down a foot and lowering the trees, and then another foot and again lowering the trees, closing up the road with barricades while so work-

ing. The city had never done anything upon the street; it had neither worked nor graded it, nor had it set up lamp-posts in it.

The plaintiff having been injured on May 7, 1877, by falling into a hole while passing along this strip of land, sought to hold the city liable for the damages thereby sustained, on the ground that the said strip had become a public street under a provision of the charter of the city, providing that "all streets and avenues in said city which are now opened or shall hereafter be opened to public use and shall be used as such for five years continuously, shall be deemed and taken to be public streets and avenues."

*Held*, that as the time fixed by the deed for the opening of the street, June 1, 1872, was not five years prior to the time of the accident, the conveyance could not be construed as an opening of the street within the meaning of the statute.

That the acts performed by Albertson in working and grading were not sufficient to put the strip of land in such a condition as to make it fit and suitable for the uses of a public street, so that the city might have accepted it as such.

To impose a duty upon the city of taking care of land dedicated for street purposes, the person who dedicates it must have done such acts as would enable the city to have accepted the dedication at the beginning of the said period of five years, and at all times during that period.

The fact that a plaintiff is suing as a poor person does not prevent him from appealing from an adverse decision, but the privilege of litigating as a poor person does not apply to any appeal so taken by him.

APPEAL by the plaintiff from a judgment dismissing the complaint upon the merits, entered pursuant to an order granting the defendant's motion made at the close of the testimony upon a trial had before Mr. Justice INGALLS and a jury at the Rensselaer county Circuit, in May, 1884.

The action was brought to recover damages for injuries sustained by the plaintiff through the alleged negligence of the defendant in permitting an alleged street, in the city [of Troy, called Collins avenue, to be in an unsafe and dangerous condition. The plaintiff sues as a poor person, she having brought an action before the present one for the same cause, in which the complaint was dismissed, with costs. An order was thereupon obtained permitting the prosecution of this action *in forma pauperis*, and "that she be not prevented from prosecuting the same by reason of her being liable for the costs of the former action brought by her against the same defendant."

On the evening of May 15, 1877, the plaintiff, while passing through what is called Collins avenue, fell into a hole and sustained the injuries, to recover damages for which this action was brought.

In September, 1871, Albertson conveyed certain premises to

William Collins, and in the conveyance bounds them "on the north by the south line of a public street," the deed describes two certain courses and then declares that "the lands for said street shall be opened on the southerly side of and adjoining said two lines on or before the 1st day of June, 1872, forty-seven feet and six inches in width, for the use of the public and to be known as Collins street." This strip of land was irregular in lines and form and extended from Maple avenue to Pawling avenue. At this time the land all about there, including what was to be a street, was pasture and farming land, with a lane through it where cattle were driven.

*John B. Green*, for the appellant.

*Wm. J. Roche*, for the respondent.

LEARNED, P. J.:

This is an action to recover for injuries suffered by plaintiff by falling into a hole. The principal question is whether the place where the hole was, at the time of the accident, was a public street. The plaintiff was nonsuited on the ground that it was not.

The accident happened May 7, 1877. The plaintiff relies principally on a provision of the charter (Laws 1872, chap. 129, tit. 4, § 3, and Laws of 1870, chap. 598, tit. 6, § 4): "All streets and avenues in said city which are now opened or shall hereafter be opened to public use, and shall be used as such for five years continuously, shall be deemed and taken to be public streets and avenues," etc.

Albertson, the owner of certain premises, on the 12th day of September, 1871, conveyed to Collins a strip of land, twenty-five feet in width and 265 feet in depth, bounded on a public street. The street is said to run from Maple avenue to Pawling avenue, describing two certain courses, and the conveyance adds: "The lands for said street shall be opened on the southerly side of and adjoining said two lines on or before the first day of June, 1872, forty-seven feet six inches in width for the use of the public." The lands on each side were used for agricultural purposes. Thus it will be seen that the time when this street was to be opened was not five years prior to the accident. If the conveyance then is to be con

strued as an opening, the statute had not established an acceptance at the time of the accident.

But plaintiff insists that the acts done in respect to this land in April or May, 1872, constituted an opening. And indeed it is on such acts that the plaintiff must rely; because the deed of conveyance was only a contract with Collins and not itself a dedication to the public. There were, as Collins testifies, no houses on the street, so that it does not appear that any persons along the alleged street, except Collins, acquired rights therein; Albertson, the grantor, being the owner of the adjacent land. It appears that the land, thus called a street, was in a rough condition, and that it is not graded even yet; that Albertson the owner worked on it year after year; first cut it down a foot and lowered the trees; then another foot and lowered them again; that when working Albertson closed up this street with barricades at each end. The city has never done anything on this street; has not worked it or graded it or set up lamp-posts on it. In construing the provision of the charter above cited we refer to *Strong* v. *Brooklyn* (68 N.Y., 1), and *Petition of Rhinelander* (68 id., 105). In the former it is remarked that " at the time when thrown out and for the term of five years continuous use the premises must be in the shape and for the purpose of streets." Without repeating in detail the testimony, we may say that we think it fails to show this condition of things in respect to this piece of land for five years prior to the accident. The general rule is that there must be an acceptance of a proposed street, as well as a dedication in order to impose on the city a duty to take care of the street. The statute comes in the place of an acceptance, as the courts say. If this be so, then it must follow that the person who dedicates the street must have done such acts that the city might have accepted the dedication at the beginning of the five years; that is, there must be five years of such dedication, that an acceptance by the city at any time within that period would be binding on the person who dedicated the land. Now we think it is not shown here that the city, on the 15th of May, 1872, and on every day thereafter, could have taken this strip of land as being actually a dedicated street. If this be so, the learned justice was right in his nonsuit. In this view the question of the admission of Albertson's statement is immaterial. A question was raised as to the plaintiff's right to

appeal under section 466 of the Code, she having commenced this action as a poor person. We are of the opinion that that section does not prevent her from appealing, but that the privilege of litigating as a poor person does not apply to the appeal taken by her.

The judgment is affirmed, with costs of the appeal against plaintiff.

LANDON, J., concurred.

Present — LEARNED, P. J., and LANDON, J.

Judgment affirmed, with costs.